UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF GEORGIA

COLUMBUS DIVISION

| | |
|---|---|
| THADDIUS L. MOORE & TRACIE MOORE,<br><br>Plaintiffs,<br><br>v.<br><br>WAL-MART STORES EAST, LP,<br><br>Defendant. | Civil Action<br>File No.:   4:23-cv-00074-CDL<br><br>**JURY TRIAL REQUESTED** |

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

COME NOW, THADDIUS L. MOORE & TRACIE MOORE, hereinafter referred to as "Plaintiffs," by and through their undersigned counsel, and file this First Amended Complaint, which is filed to amend the original Complaint filed in this matter to recast the caption (as shown above) and to add Plaintiff TRACIE MOORE as a loss of consortium claim Plaintiff. Plaintiffs respectfully show the Court as follows:

**PARTIES, VENUE, AND JURISDICTION**

1.

Plaintiffs are residents of the State of Georgia and have been residents

1

of the State of Georgia at all times relevant to this case. Plaintiffs do not object to or challenge the diversity/removal jurisdiction of this Court.

2.

Defendant Wal-Mart Stores East, LP is a foreign corporation registered to do business and doing business in the State of Georgia and is subject to the jurisdiction and venue of this Court. Service of process may be perfected upon this Defendant through its registered agent. The Corporate Company (FL), located at 106 Colony Park Drive, Suite 800-8, Cumming, GA 30040-2794.

3.

Defendant is subject to the jurisdiction of this Court.

4.

This court has jurisdiction over the subject matter of this action.

5.

Venue is proper in this Court.

## **BACKGROUND**

6.

On or about April 10, 2021, Plaintiff was an invitee at Walmart Supercenter (#4200), located at 6475 Gateway Road, Columbus, Georgia

31909, in Muscogee County, Georgia.

7.

Defendant had ownership possession and control over the facility at all times relevant to this litigation.

8.

Plaintiff Thaddius L. Moore was walking in the household cleaning products aisle at Walmart Supercenter (#4200) when he slipped on a white powdery substance, which was negligently allowed to come into being on the store's floor by Defendant, and which caused him to violently fall, causing serious injuries.

9.

Plaintiff Thaddius L. Moore fell due the improperly maintained aisle (floor).

10.

There were no cones or other warnings in the area indicating potentially hazardous conditions.

11.

As a result of Plaintiff Thaddius L. Moore's incident, he suffered injuries to his right leg and side of his body, including his knee, hip, and

head.

12.

Plaintiff Thaddius L. Moore suffered severe pain and injuries and is suffering as a result of the fall.

13.

Plaintiff Thaddius L. Moore incurred medical expenses for treatment of his injuries in the current amount of at least $102,888.41. That amount continues to increase each day.

14.

Plaintiff Thaddius L. Moore will continue to suffer both general and special damages in the future, including expenses for future medical treatment and future pain and suffering, past future expenses, the exact amount to be proven at trial.

## COUNT 1

## NEGLIGENCE MAINTENCE OF PREMISES

15.

Plaintiffs re-allege and adopt all allegations contained in the foregoing paragraphs as if set forth in their entirety herein.

4

16.

Defendant had actual or constructive knowledge of the hazard on the aisle creating a hazardous condition for patrons of Defendant's property.

17.

Defendant had knowledge of the hazardous condition of the area where the incident occurred was superior to that of Plaintiff Thaddius L. Moore.

18.

Defendant owed a non-delegable duty of reasonable care in keeping the premises safe for invitees such as Plaintiff Thaddius L. Moore.

19.

Defendant was negligent in failing to properly inspect the area where the incident occurred, in failing to take adequate measures to protect invitees from any hazard and in failure to keep the premises safe for invitees.

20.

Defendant was negligent in failing to warn Plaintiff Thaddius L. Moore of the hazardous condition of the premises.

21.

Defendant's negligence was the proximate cause of Plaintiffs' injuries.

## COUNT II

## VICARIOUS LIABILITY

22.

Plaintiffs re-allege and adopt all allegations contained in the foregoing paragraphs as if set forth in their entirety herein.

23.

At all times relevant to this action, the individuals responsible for inspecting and maintaining the area where Plaintiff Thaddius L. Moore fell were employed by Defendant and were acting within the scope of their employment.

24.

Defendant is responsible for the conduct of these individuals under the doctrine of *respondeat superior,* vicarious liability, agency and/or apparent agency.

## COUNT III

## NEGLIGENT TRAINING & SUPERVISION

25.

Plaintiffs re-allege and adopt all allegations contained in the foregoing paragraphs as if set forth in their entirety herein.

26.

Defendant was negligent in failing to adopt appropriate policies and procedures to ensure that appropriate inspections and maintenance were performed on the premises and in failing to train its employees concerning safety procedures for inspecting and maintaining the premises.

27.

Defendant was negligent in training and supervising its staff.

28.

As a result of Defendants' negligence in training and supervising its employees, Plaintiff Thaddius L. Moore was injured on the premises.

## COUNT IV

## UNLIQUIDATED DAMAGES ACT

29.

Plaintiffs re-allege and adopt all allegations contained in the foregoing paragraphs as if set forth in their entirety herein.

30.

Defendant has acted in bad faith, have been stubbornly litigious, and have caused Plaintiffs unnecessary trouble and expense by forcing Plaintiffs to resort to the use of the court system in order to resolve this claim when there is no bona fide controversy. Accordingly, Plaintiffs seek attorney's fees and expenses of litigation pursuant to O.C.G.A § 13-6-11, O.C.G.A § 9-15-14, and O.C.A § 33-4-6.

31.

As a direct and proximate result of Defendant's negligence, Plaintiffs have incurred damages including but not limited to medical expenses for treatment of his injuries, pain, emotional distress and general inconvenience.

32.

By engaging in the above-described conduct, Defendant acted in an

intentional, malicious fraudulent, willful, and wanton manner, evincing such an entire want of care as to raise the presumption of a conscious indifference to the consequences, and the conduct of this Defendant is so aggravating as to warrant, justify, and demand the imposition of punitive damages pursuant to O.C.G.A §51-12-5.-1, to penalize and punish Defendant for the misconduct, and to deter Defendant from engaging in such aggravating conduct in the future. Plaintiffs hereby specifically plead for the imposition of punitive damages.

## COUNT V

### LOSS OF SERVICES, COMPANIONSHIP, SOCIETY, & CONSORTIUM

33.

Plaintiffs re-allege and adopt all allegations contained in the foregoing paragraphs as if set forth in their entirety herein.

34.

Plaintiff Tracie Moore also seeks damages for the loss of her husband's services, companionship, and society, and for loss of consortium, all of which were proximately caused by Defendant's negligence, gross negligence, recklessness, and/or conscious indifference to the consequences

9

of its actions as described herein.

WHEREFORE, Plaintiffs pray for judgment against Defendant in the following particulars:

    a) Plaintiff Thaddius L. Moore be awarded general damages to fully compensate him for his pain and suffering, and other human losses in an amount to be determined at trial;

    b) Plaintiff Thaddius L. Moore be awarded special damages in an amount of at least $102,888.41, the exact amount to be proven at trial to fully compensate him for his medical bills;

    c) Plaintiff Thaddius L. Moore be awarded special damages in an exact amount to be proven at trial to fully compensate him for his future medical expenses;

    d) Plaintiff Thaddius L. Moore be awarded special damages in the exact amount to be proven at trial to fully compensate him for his past and future pain and suffering;

    e) Plaintiff Tracie Moore be awarded damages for the loss of services, loss of companionship, loss of society, and loss of consortium of her husband, Thaddius L. Moore,

resulting from this incident, in an exact amount to be proven at trial to fully compensate her for those damages;

f) Plaintiffs be awarded special damages of attorney's fees as Defendant has acted in bad, faith under O.C.G.A. § 9-15-14 as well as O.C.G.A § 33-4-6;

g) Plaintiffs be granted a jury panel of twelve (12) from which to select a jury of six pursuant to O.C.G.A. § 15-12-122 and F.R.C.P. Rule 48;

h) Process be issued requiring the Defendant to answer according to law; and

i) Plaintiffs be granted such further and other relief as is just and proper.

Respectfully submitted this <u>13th</u> day of <u>June</u>, <u>2023</u>.

          BILL BUCHANAN, LLC

          BY:*/s/ William A. Buchanan*
            William A. Buchanan
            Georgia Bar No.: 144226
            Attorney for Plaintiffs

Post Office Box 5581
Columbus, Georgia 31906
(706) 641-2455
bill@billbuchananlaw.com

                                        ROBERT D. WILSON, ATTORNEY AT LAW

                                        BY: */s/ Robert D. Wilson*
                                             Robert D. Wilson
                                             Georgia Bar No.: 768890
                                             Attorney for Plaintiffs

P.O. Box 1044
233 12th Street, Suite 622
Columbus, Georgia 31902-1044
robert@robertdwilsonattorney.com

                                        BUCHANAN LAW FIRM, PC

                                        By: */s/ Jerry A. Buchanan*
                                             Jerry A. Buchanan
                                             Georgia Bar No.: 092200
                                             Attorney for Plaintiffs

Post Office Box 2848
Columbus, Georgia 31906
(706) 323-2848
jab@thebuchananlawfirm.com