IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

THADDIUS L. MOORE,                              Civil Action File No.

        Plaintiff,                              4:23-CV-74-CDL

v.

WAL-MART STORES EAST, LP,

        Defendant.

_____/

## CONSENT PROTECTIVE ORDER

### 1.

By agreement of the parties, and for good cause, the Court finds that a protective order should be entered pursuant to Federal Rule of Civil Procedure 26(c) for the purpose of protecting documents of both Plaintiff and Defendant,  and including, without limitation,  information from Defendant which Defendant contends is proprietary and confidential and which is produced by Defendant in litigation subject to this protective order, including but not limited to, if applicable, any personnel files of employees or former employees from Wal-Mart; any training plans for employees; any applicable policies and guidelines relating to business operating methods and procedures; any applicable policies for customer incidents at the store; any store video regarding the incident in question; and store design documents. Documents may be marked "Confidential-Attorneys Only", in which

case only counsel of record for the parties and counsel's staff having need to see such documents may view the documents so marked, and they shall not be disclosed to the parties absent further order of Court.

2.

Any party contesting whether or not a document should be marked "Confidential" or "Confidential-Attorneys Only" will notify the defendant in writing identifying which document he/she contends should not be marked "confidential" or "confidential-attorneys only". The parties will then have seven (7) business days after receipt of the aforementioned notification to resolve the dispute without Court intervention. If the parties are not able to resolve the dispute within seven (7) business days, the party contesting the description of a document as "confidential" or "confidential – attorneys only" shall, without first filing the document with the Court, submit the document to the Court for an in-camera inspection and final decision as to whether or not the document should remain "confidential" or "confidential-attorneys only". Failure to contest a confidentiality designation upon initial receipt of the document does not waive a party's right to contest the designation at a later time.

3.

No document, deposition, or tangible thing or other information described in Paragraph 1 may be disclosed to any person, except for the following: counsel of

record; persons assisting counsel of record, including outside experts and consultants; the parties, and directors, officers, and employees of any party; witnesses; employees of any party's attorney to whom it is necessary that the material be disclosed for purposes of this litigation; court reporters; videographers; and court personnel.

For purposes of any disclosures to persons assisting counsel of record; outside experts or consultants; directors, officers and employees of any party; and employees of any party's attorneys, the party making such a disclosure must: obtain an agreement from the persons assisting counsel, including outside experts or consultants, or officers of employees of either party, reciting that he or she has read a copy of this Protective Order and agrees to be bound by its provisions.

4.

Each party agrees that before filing any document covered by this protective order with the Clerk of Court, any paper (including, without limitation, an affidavit, memorandum, or motion) that discloses directly or indirectly all or part of any document described in paragraph 1 above, such paper shall be labeled "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS ONLY" and submitted to the Court in camera for consideration and leave to file with the Clerk under seal The parties stipulate and agree that any document covered by paragraph 1 which is reasonably necessary to be filed with the Court in connection with any motion or

hearing may be provided to the Court in chambers or at hearing for consideration prior to filing. The Court may then determine whether the document should be filed of record under seal or otherwise made part of the record of these proceedings.

The parties shall comply with all procedures and requirements of any Local Rules of Court or Standing Orders of this Court with respect to procedures for filing documents with the Court under seal.

5.

All such documents and materials produced by a party to counsel for the other party pursuant to paragraph 1 above shall be used only in the course of the above-captioned proceedings, and shall not be used or provided for use in any other litigation or proceedings.

6.

The documents and materials produced by a party to counsel for the other party pursuant to paragraph 1 above shall not be published, orally, by copy, or by any other means, to any person except as permitted under this order.

7.

At the conclusion of the litigation, the party receiving Confidential documents agrees, upon receipt of a written request from the requesting party, to destroy such documents or things and provide written certification to the party which produced

such documents that all documents, copies thereof, whether paper or electronic, and any descriptions or abstracts of such documents, have been destroyed.

8.

In any event, after the final termination of this action, the restrictions on communication and disclosure provided for herein shall continue to be binding upon the parties and all other persons to whom documents designated as confidential or information contained therein have been communicated or disclosed pursuant to the provisions of this Order or any other order of this Court.

SO ORDERED this 16th day of January, 2024.

s/Clay D. Land
Honorable Clay D. Land


CONSENTED TO BY:

*/s/ William A. Buchanan*
William A. Buchanan
Bill Buchanan, LLC
Attorney at Law
Georgia Bar No. 144226
PO Box 5581
Columbus, GA 31906
bill@billbuchananlaw.com
*Attorney for Plaintiff*

*/s/ Ernest L. Beaton, IV*
Ernest L. Beaton, IV
McLain & Merritt, PC
Georgia Bar No. 213044
3445 Peachtree Road, N.E.
Suite 500
Atlanta, Georgia 30326
ebeaton@mmatlaw.com
*Attorney for Defendant*